· No. 2914.

OLYMPE DE LA GRANGE *v.* SOUTHWESTERN TELEGRAPH COMPANY.

Where the action is to make a telegraph company responsible for loss on goods, resulting from error in a telegraphic message, the prescription of one year does not apply. This action arises *ex contractu*, and not *ex delicto*.

Where it is contended that the defendants are not the first carrier or contractor, and that it is not proved that the error in the transmission occurred on defendants' line, on whose printed blanks there is express provision for non-liability for the default of other companies;

Held—That, whether first carrier, or not, it was peculiarly within their power, and was their duty, to make the proof here suggested, if necessary.

Defendants were engaged in the business of transmitting messages to and from various points in the country, and found it to their interest, if not a necessity, to effect such mutual arrangements with other companies, without any consultation with the parties who might use the telegraph. It was in their power to show that the message delivered by them to plaintiff was precisely the same one received by them from another line, and thus throw the responsibility upon the other company, in case it should be held to be a correct legal principle, that one of two or more connecting companies may thus be relieved from liability.

The proposition that the defendants are liable, if at all, only in case the message is repeated as contained in the printed conditions, can be invoked only against the sender of the message, if against any. The receiver can be guided or informed solely by what is delivered to him, and has no opportunity to agree upon any such condition before delivery.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *W. H. Hunt,* for plaintiff and appellee. *Semmes & Mott,* for defendants and appellants.

HOWELL, J. This is an action to make the Southwestern Telegraph Company responsible for loss on goods, resulting from error in a telegraphic message.

The material facts are, that a Mrs. Tayloe, at Demopolis, Alabama, telegraphed to plaintiff, in New Orleans, to send to her immediately, by express, to *Macon* Station, Alabama, certain valuable goods, which were needed on a particular day. The dispatch delivered by defendants directed the goods to be sent to *Marion* Station, Alabama, and in consequence were never received by Mrs. Tayloe, but after some months they were returned by the express company and tendered to plaintiff, at whose instance they were examined by experts, and the

damage fixed at $1250, for which she obtained judgment, and the defendants appealed. It appears that a different and distinct company transmitted the message from Demopolis, Alabama, to Meridian, Mississippi, whence the defendant company forwarded it to New Orleans, and delivered it to the plaintiff.

The first question is as to the prescription of one year, interposed by defendants.

The action, in our opinion, arises *ex contractu* and not *ex delicto*. The defendants hold themselves out to the public as being ready to transmit for hire messages for individuals and to deliver faithfully to others such messages as are intrusted to them. They make themselves the agents of both the sender and receiver, and their failure in their assumed duties creates an obligation in favor of the one who may be thereby injured. See 35 Penn. R. 298. It may and often does occur that the party to whom the message is addressed is the only one whose interests are involved, and who is to pay the fee. In such case he is the one in reality with whom the contract is made.

The prescription of one year does not apply.

It is next contended that the plaintiff by her negligence has contributed to the injury complained of and can not recover.

The evidence does not sustain this defense. The plaintiff sent the goods in accordance with the instructions received by her, and there was nothing to suggest to her any error or to impose on her the obligation to provide against the mistake or negligence of the defendants. The goods passed from her control, and before they were put within her reach, the damage was incurred without her fault or agency.

It is contended further, that the defendant is not the first carrier or contractor, and it is not proved that the error in the transmission occurred on defendants' line from Meridian to New Orleans, and being delivered on their printed blanks, there is express provision for nonliability for the default of other companies.

It seems clear to us that whether first carrier or not, it was peculiarly within the power, and was the duty of the defendants to make the proof here suggested, if necessary. They were engaged in the business of transmitting messages to and from various points in the country, and found it to their interest, if not a necessity, to effect such mutual arrangements with other companies as would enable them to successfully conduct such business, and this without any consultation with the parties who might use the telegraph. It was in their power to show that the message delivered by them to plaintiff was precisely the one received by them at Meridian, and thus throw the responsibility upon the other company, if it be a correct legal principle, that one of two or more connecting companies may thus be relieved from liability, a question which it is unnecessary now to decide.

Olympe de la Grange v. Southwestern Telegraph Company.

The proposition that the defendants are liable, if at all, only in case the message is repeated as contained in the printed conditions, can be invoked only against the sender of the message, if against any; for it is his message, his language that is to be transmitted, and it is only known to the receiver when delivered and as delivered. He is to be guided or informed by what is delivered to him, and he has no opportunity to agree upon any such condition before delivery.

The plaintiff sent her goods according to the directions contained in the telegram delivered to her by the defendants, and by their fault, or that of those for whom and with whom they were bound, she lost the sale of them, and a loss by depreciation in value was the consequence. For this we think the defendants are directly responsible.

Judgment affirmed.

Rehearing refused.