(16 Misc. Rep. 347.)

CURTIN v. WESTERN UNION TEL. CO.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

TELEGRAPH COMPANIES — CONTRACT LIMITING LIABILITY — ASSENT OF SENDER OF MESSAGE—DELAY IN TRANSMITTING MESSAGE—DAMAGES.

A telegraph company may limit its liability for delay in the delivery of a message caused by the negligence of its servants; and a stipulation to that effect printed on the blanks furnished by the company constitutes a contract which binds the sender and the person to whom the message is produced, if the assent of the sender to such stipulation can be presumed. In this case the conceded facts were that the sender, on the day of his brother's death, went to the telegraph office in St. Louis, and wrote on the blank he procured there the following message to his sister in New York: "Con is dead. Can you come?" that he did not read the printed matter on the face or back of the message, and was ignorant of the contents of such printed matter, or that the message was to be transmitted subject to the terms contained in the printed matter; that nothing was said to him about it, and his attention was not called to it. It was *held* to be a question whether the stipulations contained in the printed matter were assented to, and a finding that they were not will not be disturbed; that the admitted facts seem to leave no room for inferring assent. The delivery of the message having been delayed for four days, and the deceased having been meanwhile buried, his sister, who was expecting news of him, in order to go to St. Louis, if he died, and remove his body to New York, fell ill in

consequence of the delay. She was *held* entitled to recover damages for her illness, and a verdict of $125 was sustained.

(Syllabus by the Court.)

Appeal from city court of New York, general term.

Action by Maggie Curtin against the Western Union Telegraph Company to recover damages for delay in transmitting a telegraphic message. From a judgment of the general term of the city court of New York (36 N. Y. Supp. 1111) reversing a judgment for plaintiff, the latter appeals. Reversed.

Appeal by the plaintiff from an order of the general term reversing a judgment in her favor rendered by the trial judge without a jury, and ordering a new trial. The action was brought to recover damages for the nondelivery of a telegraphic message received by the defendant, in St. Louis, from Henry Curtin, and addressed to his sister, the plaintiff, in New York, advising her of the death of their brother, and was in these words: "St. Louis, Mo., July 12, '92. To Maggie A. Curtin, 12 Hubert St., New York: Con died this morning. Can you come? H. C." It was not delivered to plaintiff until four days afterwards,—July 16, 1892. The message was written by Henry Curtin on a blank form of the defendant company, which he got at its office. On the form, immediately over the space for the message, was printed, "Send the following message subject to the terms on the back hereof, which are hereby agreed to;" and at the foot of the blank space were the words, "Read the notice and agreement on the back." On the back of the message was printed: "All messages taken by this company are subject to the following terms: To guard against mistakes or delays, the sender of a message should order it repeated; that is, telegraph back to the originating office for comparison. For this one-half the regular rate is charged in addition. It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of any unrepeated message, beyond the amount received for sending the same." The action was tried by the court without a jury, upon agreed statement of facts; and judgment was rendered in favor of the plaintiff for damages, $125, besides costs.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lyman W. Redington, for appellant.

Rush Taggart, for respondent.

DALY, P. J. A telegraph company incorporated under the General Statutes of this state may, by contract, limit its liability for mistakes or delays in the transmission or delivery, or for the nondelivery of messages, caused by the negligence of its servants, if the negligence be not gross. Pearsall v. Telegraph Co., 124 N. Y. 256, 267, 26 N. E. 534. The stipulation for exemption from liability contained in the printed blank of the company, upon which the sender writes his message, constitutes a contract which binds him and the person to whom the message is addressed, if the assent of the sender to such stipulation can be presumed. Thus, where blanks have been for some time in the possession of the sender, he being the president of a bank, and having had abundant opportunity to read them, he was presumed to have understood their contents, and was held estopped from denying the agreement printed upon the blank on which he wrote his message. Breese v. Telegraph Co., 48 N. Y. 132. But in that case it was said he would not be estopped if the blank had been delivered to

him at the time he wrote the message upon it, and he had no opportunity to read it, and, to the knowledge of the telegraph operator, had not read it.    In such case there would be no room for the application of the doctrine of estoppel, and no reason for indulging in presumptions.    In another case, where the sender of the telegram was shown to be familiar with the blanks of the company, and had used them extensively for several years, and had read the words at the bottom of them, "Read the notice and agreement at the top," it was held, for that reason, although he may not have known what the precise terms of the stipulation contained in the blank were, yet, as he knew that some stipulations were therein contained, he must be held, by the use of the blank, and its delivery to the defendant, to have assented to them.    Kiley v. Telegraph Co., 109 N. Y. 236, 16 N. E. 75.    In the present case, according to the agreed facts, the sender of the message, on the day of his brother's death, went to one of the offices of the defendant company in the city of St. Louis, and, taking a blank of the defendant, wrote thereon the message in question, to his sister, and paid for it, but did not read the printed matter upon the face or the back of the message, and was ignorant of the contents of such printed matter, and that the message was to be transmitted subject to the terms contained in the matter; and nothing was said to him about it, nor was his attention called to it, by the defendant's agent.    Upon these facts, if there were a question whether the sender agreed to the stipulations of the printed blank, there were no such circumstances as were held in the cases cited to warrant the inference that the stipulations were accepted or assented to.    The facts agreed on would seem to leave no room for such an inference in this case.    The decision of the trial judge in the plaintiff's favor necessarily found that there was no assent to these stipulations, and his decision upon the facts ought not to be disturbed.    In the case of a message delivered unconditionally, the mere fact that it was not promptly delivered makes out a prima facie case of negligence.    Baldwin v. Telegraph Co., 45 N. Y. 744; Pearsall v. Telegraph Co., above.    In this case the message was received by the company in New York on the day of its receipt in St. Louis,—July 12th,—but was not delivered to the plaintiff, in New York, until four days thereafter.    This was not a prompt delivery, and no excuse for the delay was offered.    The plaintiff was therefore entitled to recover the damages directly resulting from the defendant's negligence.

The plaintiff was expecting to receive news of her brother Con, or Cornelius, who was ill in St. Louis.    She had been in St. Louis in the month of July, prior to the 12th, and, when she left for New York, requested her brother Henry to telegraph her if Cornelius should grow worse or die, as she desired to remove his body to New York for burial.    She did not receive news of her brother's death until after he was dead and buried, owing to the delay in the delivery of the message.    It was agreed in the facts submitted to the court that the plaintiff became sick in consequence of learning of the death and burial of her brother, and because she was

not able to be present at his death and burial, and that she expended $20 for medical services, and $5 for medicine, in her sickness. The trial judge allowed $125,—not an unreasonable allowance for her illness; and, as the findings do not show any particular sum allowed for any particular item of damage, there is no specific finding disclosing error. Collender v. Phelan, 79 N. Y. 366. The defendant is liable for such damages as were fairly to be anticipated by the parties as resulting from the delay. Baldwin v. Telegraph Co., 45 N. Y. 744; Telegraph Co. v. Hall, 124 U. S. 444, 8 Sup. Ct. 577; Primrose v. Telegraph Co., 154 U. S. 1, 14 Sup. Ct. 1098. The damages allowed for in this case may be reasonably deemed to have been within the contemplation of the parties, because the message suggested the importance of the communication to the plaintiff, and the probable effect upon her feelings of delay in its delivery. Delay in the transmission of a telegraphic communication of death may be productive of an injury to the feelings, for which damages may be awarded. Shear & R. Neg. § 756. It is urged by defendant that it could not be inferred that illness might result to plaintiff by failure to deliver a message to her, "Con died this morning. Can you come?" Where the delayed dispatch was, "Dell is worse. Come at once. Sister Annie," the federal court allowed damages. Beasley v. Telegraph Co., 39 Fed. 182. In this case, although the relationship of the sender to the person addressed is not so clearly to be inferred as it might be in the above dispatch signed "Sister Annie," yet there is as much reason in the one case as in the other for assuming that the message announced the death of a relative or intimate friend. "Con died this morning. Can you come?" indicates as strong a personal interest as "Dell is worse. Come at once." The signature "H. C." indicates familiarity and intimacy, and the identity of the initial of the last name of the sender and the person addressed is a circumstance from which relationship might be inferred.

The order for a new trial should be reversed, and the judgment of the trial term affirmed with costs of appeal in the city court and in this court. All concur.