E. N. Altland, Defendant in Error, v. The Atchison, Topeka & Santa Fe Railway Company, Plaintiff in Error.

## Gen. No. 14,637.

1. COMMON CARRIERS—*when exemption from liability for negligence sustained.* If a special contract for exemption from liability for ordinary negligence is made in a state where it is valid and enforceable, such contract will be enforced in this state.

2. CONTRACTS—*by what law governed.* The validity of contracts will be determined according to the law of the state where made.

*Tort.* Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the October term, 1908. Reversed with finding of facts. Opinion filed November 8, 1909.

Statement by the Court. —This is a suit brought by the defendant in error—plaintiff below—against the railway company—defendant below—to recover for alleged loss on a carload of plums, occasioned it is claimed by the failure of the defendant to stop and transfer said car—originally shipped and then on its way to New York—at Streator, Illinois, and send it to Chicago in accordance with an order to that effect from the plaintiff.

The defendant introduced in evidence an instrument called a "general indemnity bond," executed by the plaintiff, dated January 22, 1903, containing a clause as follows:

"2. In all cases where at the request of said principal, any goods shall be diverted from their original route or destination, or consignee changed, or inspection permitted, said Santa Fe System and said other companies operating connecting lines as aforesaid are hereby by the undersigned and each of us fully indemnified and saved harmless from and against any and all liability, suits, costs, damages, expenses, losses or claims for loss or damage of every kind and nature which might be made against or suffered by the said

Santa Fe System, or by said other companies operating connecting lines, on account or by reason of the granting of any such request or in any way connected therewith, including any *bona fide* failure or delay to accomplish such diversion, change of consignee or inspection.''

The carload of plums was shipped August 29, 1903, from Pasadena, California, to New York over the Southern California Railway to Barstow, California, and from that point over the railway of the defendant. Eight days later it is said the car reached Streator, Illinois, on its way eastward. Before the car reached Streator and on September 5, 1903, the plaintiff went to the office of the commercial agent of the defendant at Los Angeles and signed an order, which is in evidence and is as follows:

''SOUTHERN CALIFORNIA RAILWAY COMPANY.

Request for Changes in Shipping Instructions or Delivery Without Surrender of Original Bill of Lading.

Santa Fe.

———————— 9—5———————1903.

Southern California Railway Company.

Dear Sir:—

On the 29th day of August, 1903, car No. 4656, initial S. F. R. D.

Loaded with Plums,

was shipped by us

from Olivewood Sta.

consigned to us

at New York City, State of N. Y.

Via Santa Fe.

Please endeavor to accomplish the following changes with respect to the above, viz:

Change consignee to Barnett Bros.

Change destination to Chicago, Ill.

Change routing to permit inspection and keep car fully iced to destination.

And in consideration of the above changes, ————— hereby agree to hold the Southern California Railway Company, and each and all companies or corporations over whose line or lines of road the above shipment may be made, or by whom delivery may be made, or change accomplished, free from all liability and claims for loss or damage of any kind whatsoever, whether arising out of or consequent upon the above recited changes being accomplished, as requested, or the inability or failure of said company or companies from any cause to accomplish the said change, and to indemnify and save harmless the said company or companies, and each of them, against any loss, or damage, cost, expense, liability, suits or claims which may be made, brought or grow out of such changes being made as above requested, and to pay any and all additional charges made by any railroad company or companies connecting with the said Southern California Railway Company for accomplishing the said changes, and we further agree that if the Southern California Railway Company, or any of the companies above referred to under instructions herein shall have made delivery without surrender of Original Bill of Lading, to obtain and deliver the said document within a reasonable time to the agent of the Railway Company upon whom this request for diversion was made.

ALTLAND FRUIT Co.,
By E. N. Altland, Mgr.''

This diversion order was received by the agent of the California Railway Company and of the defendant, and the clerk in charge of such matters ascertained about where the car in question was and telegraphed instructions to divert the car as requested in the order, to the agent of the defendant at Streator, Illinois, and sent a duplicate of the telegram to another employe of the defendant at Chicago. These telegrams were sent September 5, 1903. The telegram was received by the agent of defendant at Chicago, but the copy sent to the agent at Streator, whose business it was to see

to the diversion, was not received at all, and this agent knew nothing of it until the car had passed Streator and was on its way to New York, where it arrived in due time in accordance with the original shipping directions given when the fruit was delivered to the defendant for shipment. The plaintiff seeks to recover for the alleged difference between the value of the goods in sound condition at Chicago, the place to which they were ordered to be delivered, at the time when they should have reached that place and the value of the goods at New York, the place to which they were shipped. The case was tried in the Municipal Court before a jury and a verdict returned in favor of the plaintiff. Judgment was entered in plaintiff's favor for $220.55, from which this appeal is prosecuted.

Robert Dunlap, Lee F. English and James L. Coleman, for plaintiff in error.

Charles A. Butler, for defendant in error.

Mr. Justice Freeman delivered the opinion of the court.

The first of the grounds upon which defendant seeks to have the judgment of the Municipal Court reversed is that the bond and agreement executed by the plaintiff and in part set forth in the foregoing statement, are agreements to indemnify and save harmless the defendant against any liability, claim or suit arising out of a failure to accomplish the diversion of the car in question, and that these are valid releases which are a bar to the present suit.

By one of these instruments the defendant is fully indemnified against all suits and claims for losses of every kind and nature by reason of granting any request for diversion of goods from their original route or destination, "including any *bona fide* failure or delay to accomplish such diversion, change of consignee or inspection." By the second instrument, in which

the request is made in the present case that defendant will "endeavor to accomplish" the changes, the plaintiff agrees as a part thereof to save the defendant harmless from any liability and from claims of any kind whatever arising from "the inability or failure of said company or companies from any cause to accomplish the said change." This phraseology is explicit, and if these agreements are valid this suit cannot be maintained. It appears that under sections 2174-5-6 of the California civil code a common carrier is permitted to limit its liability by special contract for ordinary negligence. That there was an effort made in good faith to "endeavor to accomplish" the transfer is, we think, apparent from the evidence. One copy of the telegram directing the transfer reached the agent in Chicago in due time. The duplicate copy attempted to be sent to the agent at Streator failed to reach its intended destination; but so far as appears the same effort was made and purpose shown to send it as in the case of the copy which reached the Chicago agent. The effort having been made in good faith to endeavor to accomplish the diversion of the car as requested by the plaintiff, the question is whether these agreements made in California, and valid under the provisions of the civil code of that State, are enforceable in the case at bar in this State. The sections of the California civil code referred to have been considered by the Supreme Court of that State. Among such cases are Michalitschke v. Wells Fargo & Co., 118 Cal. 683-689; Coit v. Western Union Tel. Co., 130 Cal. 657-661, and cases there cited, and Donlon Bros. v. Southern Pacific Company, 151 Cal. 763-768. We are of opinion that these cases are conclusive as to the validity in California of contracts such as are here under consideration. It is said in the last of these cases above cited (p. 768) that section 2175 of the California civil code "prohibits the carrier from entering into any contract in anticipation of gross negligence exonerating itself from liability therefor," but that (p. 770) "so far as ordi-

nary negligence is concerned the rule at common law has been abrogated by our code (sec. 2174) to the extent that the shipper and carrier may now contract for the purpose of limiting the liability of the latter therefor. The prohibition of the common law against a carrier limiting his liability for any kind of negligence is declared in this State by section 2175 only to apply to the limitation for gross negligence." The construction by the California court of its civil code is we think applicable in the case at bar and controlling here as to the validity in that State of the agreements under consideration. The plaintiff's assent thereto was manifested, as section 2176 of the California civil code requires it to be, when the instrument makes such "modification of the carrier's obligations as in the present instance, by his signature to the same."

Such being the law of the State in which the contract was made, and not having been made so far as appears "with a view to the laws of any other State, it must be governed by the law of the State where it was made." Coats v. C. R. I. & P. Ry. Co., 239 Ill. 154-161. In that case the question is carefully considered and the cases in this State applicable are reviewed. The conclusion of the court on this matter is thus stated (p. 164): "Inasmuch therefore as the contract under the construction contended for by appellant, was partly to be performed in Iowa, it must, as to its validity, nature, obligation and interpretation be governed by the law of Iowa." In the case at bar the contract must in like manner be governed by the law of California, which exempts the defendant from liability under contracts such as those here involved.

Other questions are presented in the briefs, but in view of the conclusions stated, it is not necessary to consider them. The judgment of the Municipal Court must be reversed with a finding of facts.

*Reversed with finding of facts.*