[S. F. No. 13320. In Bank.—October 31, 1930.]

BETTY K. KRAUSE et al., Minors, etc., Respondents, v. JOHN W. RARITY et al., Appellants.

Leo J. McEnerney, Ray W. Hayes, Robert Brannan, M. W. Reed, E. T. Lucey, Leo E. Sievert and H. K. Lockwood for Appellants.

H. A. Frank for Respondents.

SHENK, J.—On September 12, 1927, William Krause was killed when the automobile in which he was riding as a guest was struck by a locomotive of the defendant Railway Company. The plaintiffs are the heirs of the deceased and the defendant Rarity was the driver of the car. A verdict was rendered against both defendants as joint tort-feasors and from a judgment entered thereon the defendants have presented separate appeals.

Central Avenue is a paved rural highway extending east and west from Del Rey to Malaga in the county of Fresno. The defendant Railway Company maintains a spur-track known as the Mattei spur crossing Central Avenue at right angles and at grade. The accident occurred at about 6 o'clock P. M. on a clear day when the automobile approached and entered upon the railway crossing from the east at a speed of 30 to 35 miles per hour and when a locomotive and tender of the Railway Company reached the

crossing from the north at a speed of about 10 miles per hour.

The country surrounding the scene of the accident is practically level. The railway track is flush with the pavement on the highway. North of the highway and east of the track is a vineyard, the tops of the grape-vines rising from 5 to 6 feet above the highway. About 70 feet east of the track and on the north line of the highway stands a tree about 20 feet high and with a spread of about 12 feet. There are no other obstructions north of the highway and east of the track for more than 700 feet. On the south line of the highway, east of the tracks, is a row of olive trees extending to within 28 feet of the track. Twelve feet east and 7 feet north of the paved portion of the highway is a standard railroad crossing sign, consisting of an upright post 10 feet high, painted white, and at the top of which are two cross-arms painted white with the words ''Railroad Crossing'' painted in large black letters. About 300 feet east of the crossing on the northerly side of the pavement is a smaller sign, called a target sign, which is a disc 2 feet in diameter, on a post 6 feet high, on which the letters ''R. R.'' are painted in black letters with a white background.

The defense of the Railway Company was, first, that it was not guilty of any negligence in the operation of its engine and tender and, secondly, that the deceased was guilty of contributory negligence. On this appeal the Railway Company advances the same contentions and complains of certain instructions given and refused and certain rulings of the trial court.

The evidence on the issue of the negligence of the Railway Company need not be recounted at length. It consisted of testimony of the several witnesses as to whether the statutory signals were given by the engine crew upon approaching the highway. This evidence was substantially in conflict on this point and may not now be disturbed.

On the issue of the contributory negligence of the deceased it appears beyond dispute that the defendant Rarity was totally blind in his left eye and that the deceased knew that fact, having been acquainted with him rather intimately for some years; that the deceased was riding in the back seat as the automobile approached the crossing holding

a conversation with O. E. Orr, who was also a guest of the defendant Rarity and riding in the front seat; that the railway crossing signs above described were within the view of the deceased as the automobile approached the crossing and that the deceased said nothing to Rarity about the near-by railway crossing, nor did the deceased do anything to protect himself against a possible accident. It also appears that the persons in the automobile were not familiar with this particular grade crossing and knew nothing thereof except such information in the way of warning as was imputed to them by the railway signs above described.

From the foregoing facts it is contended that the deceased was guilty of contributory negligence as a matter of law. There is no evidence that the deceased exercised or had the right to exercise any control over the driver Rarity and he was under no legal obligation to warn the driver of the presence of the tracks or of an approaching train. (*Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679 [269 Pac. 529].) Nor did the fact that the deceased knew that Rarity was a one-eyed man convict the deceased of contributory negligence as matter of law. The loss of one eye does not necessarily prevent a person from operating an automobile with due caution and circumspection. The evidence on this issue, tendered by the plaintiffs and joined by the defendant Railway Company, clearly presented questions for the jury to determine.

The defense of the defendant Rarity was that he was operating his automobile without negligence. In this connection he offered evidence to show that he did not see or hear the approaching locomotive; that he was intently watching the highway in front of him; that his vision was obscured by the sun shining in his face and that he did not see the railway signs as he approached the crossing. The evidence further showed that the crossing in question was an obstructed steam railroad grade crossing as contemplated by section 113 of the California Vehicle Act in effect at the time (Stats. 1927, p. 1436), and which it was unlawful to cross at a greater rate of speed than 15 miles per hour. By his own admission he was traveling at least 30 miles per hour at the time of the accident. Unquestionably he was guilty of negligence and the accident occurred, as found by the jury within its province, through the concurrent negli-

gence of both defendants. ■ Under the law the negligence of Rarity may not be imputed to the deceased. (*Irwin* v. *Golden State Auto Tour Corp.*, 178 Cal. 10 [171 Pac. 1059]; 19 Cal. Jur., p. 659.)

■ Both defendants complain of certain instructions given and refused. They have been examined and no error is found in the action of the trial court thereon. One instruction only need be commented upon. That is an instruction given and of which the defendant Rarity complains. In substance it instructed the jury that if it should find the facts indicated therein which would constitute the grade crossing in question an obstructed railway crossing at grade as contemplated by section 113 of the California Vehicle Act and if it should further find that Rarity was traveling at a rate in excess of 15 miles per hour as he came upon the crossing then "the defendant Rarity is conclusively presumed to have been guilty of negligence at the time of the collision". The words "conclusively presumed" are especially objected to. There is no merit in the contention. The facts indisputably point to the negligence of this defendant at the time and compel the conclusion that he was guilty of negligence as matter of law upon the establishment of the facts called for in the instruction.

■ One other contention is common to both defendants and that is that the verdict in the sum of $35,000 is excessive. The evidence disclosed without conflict that the decedent was forty-two years of age at the time of his death and had been in good health. His expectancy was 26.72 years. He was earning between $4,000 and $5,000 per year and contributing between $250 and $350 per month toward the support of his wife and children. His wife was forty-seven years of age and the children were fourteen and nine years old respectively. He was a kind and affectionate husband and father. A motion for a new trial was made on the ground of excessive verdict and denied. It cannot be said that the verdict is so plainly excessive as to suggest, at first blush, that the same was the result of passion or prejudice or corruption rather than an honest and sober judgment on the part of the jury. (*Kelley* v. *Hodge Transp. System*, 197 Cal. 598 [242 Pac. 76]; 8 Cal. Jur., p. 834.)

■ Under familiar rules there was no error in denying the motions of the defendant Railway Company for

nonsuit and a directed verdict when, as here, the evidence on behalf of the plaintiffs and the reasonable inferences to be drawn therefrom, disregarding evidence in conflict therewith, tended to establish negligence on the part of this defendant.

As to the other points made by the defendants with reference to alleged errors of the trial court in the admission and exclusion of evidence, we do not find sufficient merit therein to require discussion.

One other point made by the defendant Rarity will be considered. The right of the plaintiffs to maintain this action is a statutory right under section 377 of the Code of Civil Procedure. No such right existed at common law. (*Dickinson* v. *Southern Pac. Co.*, 172 Cal. 727, 730 [158 Pac. 183]; *Kramer* v. *Market Street R. R. Co.*, 25 Cal. 434; 8 Cal. Jur., p. 948.) At the time the present cause of action arose, on September 12, 1927, it was and still is provided by section 2096 of the Civil Code that "a carrier of persons without reward must use ordinary care, and diligence for their safe carriage". (*Nichols* v. *Pacific Elec. Ry. Co.*, 178 Cal. 630 [174 Pac. 319].) In 1929, the legislature added section 141¾ to the California Vehicle Act. (Stats. 1929, p. 1580.) It is therein provided in part: "Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the state of California, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. In the event that such person while so riding as such guest is killed, or dies as a result of injury sustained while so riding as such guest, then neither the estate nor the legal representatives or heirs of such guest shall have any right of recovery against the driver or owner of said vehicle by reason of the death of the said guest. If such person so riding as a guest be a minor and sustain an injury or be killed or die as a result of injury sustained while so riding as such guest, then neither the parents nor guardian nor the estate nor legal representatives or heirs of such minor shall have any right of recovery against the driver or owner or person responsible for the operation of said vehicle for injury sustained or as a result of the death of such minor." The section then

continues with the following provision: ''Nothing in this section contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, wilful misconduct, or gross negligence of such owner, driver or person responsible for the operation of such vehicle. . . . ''

The defendant Rarity contends that by reason of the enactment of the foregoing statute the cause of action of the plaintiffs has been wiped out; that section 377 of the Code of Civil Procedure and section 2096 of the Civil Code have been repealed in whole or in part by the enactment of section 141¾ of the California Vehicle Act and that the rule of law to be applied is laid down in such cases as *People* v. *Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866] , *Wilcox* v. *Edwards,* 162 Cal. 455 [Ann. Cas. 1913C, 1392, 123 Pac. 276], *Moss* v. *Smith,* 171 Cal. 777 [155 Pac. 90], *Freeman* v. *Glenn County Tel. Co.,* 184 Cal. 508 [194 Pac. 705], and *Chenoweth* v. *Chambers,* 33 Cal. App. 104 [164 Pac. 428]. ■ By those cases the rule obtaining elsewhere has become thoroughly established in the law of this state that when a right of action does not exist at common law, but depends solely upon a statute, the repeal of the statute destroys the right unless the right has been reduced to final judgment or unless the repealing statute contains a saving clause protecting the right in a pending litigation. In the case at bar the cause of action depended solely on the statute. There is no saving clause and the action is still pending.

The plaintiffs rely first on the general rule that repeals by implication are not favored and are recognized only when there is an irreconcilable conflict existing between two or more legislative enactments. (*Railroad Commission* v. *Riley,* 192 Cal. 54 [218 Pac. 415] ; 23 Cal. Jur., p. 694.) They contend that there is nothing in section 141¾ which has expressly repealed section 377 either in whole or in part and such repeal is not necessarily implied. Secondly, they rely on the general rule that a statute should have prospective operation only unless it clearly appear that it was the legislative intention that the statute operate retrospectively. (Cooley on Constitutional Limita-

tions, 8th ed., p. 772; *In the Matter of Cate*, 207 Cal. 443 [179 Pac. 131]; 23 Cal. Jur., p. 628); and, thirdly, that the new section 141¾ could not operate retrospectively so as to deprive the plaintiffs of a right which they claim became vested in them under section 377 immediately upon the death of the deceased, citing Sutherland on Statutory Construction, section 671, *James* v. *Oakland Traction Co.*, 10 Cal. App. 785 [103 Pac. 1082], and other cases.

A disposition of the third contention of the plaintiffs will tend to confine the point within its proper limits. The present action unquestionably is one for damages for the death of one not a minor caused by "the wrongful act or neglect of another", as defined by section 377 of the Code of Civil Procedure. This cause of action did not exist at common law. It depends solely on the statute and the right was not a vested right protected by the state and federal Constitutions. Under the authority of *People* v. *Bank of San Luis Obispo, supra,* and other cases to like effect, above cited, a repeal of the statute conferring the right, prior to final judgment, would abolish the right and place the parties in the same position as if the statute never existed.

If the present action were one brought by Krause, during his lifetime, for damages for personal injuries inflicted upon him while a guest of the defendant Rarity, such a cause of action would be one grounded on the common-law liability and the right of action would be a vested right and survive a repeal of the statute. (*Callet* v. *Alioto, ante,* p. 65 [290 Pac. 438].) The case of *James* v. *Oakland Traction Co., supra.,* relied upon by the plaintiff, was one for damages for personal injuries inflicted upon the plaintiff therein.

That case is illustrative of the numerous decisions holding that upon the wrongful infliction of the injury a vested right accrues to the party injured freed from any disturbance by subsequent legislative enactment.

In passing it may be said that a recent statute of Connecticut similar in purport to section 141¾ was attacked on constitutional grounds, but the validity thereof was affirmed by the Supreme Court of the United States. (*Silver* v. *Silver,* 280 U. S. 171 [74 L. Ed. 221, 50 Sup. Ct. Rep. 57].)

The question is therefore narrowed to this: Did section 141¾ work a repeal of section 377 of the Code of Civil

Procedure? If so, to what extent and when did such repeal become effective so far as the plaintiffs' cause of action is concerned?

It cannot be doubted that section 377 of the Code of Civil Procedure and section 2096 of the Civil Code should be read together. When so considered with reference to the present controversy they would mean that the heirs on September 12, 1927, had a cause of action against the defendant Rarity for the death of Krause and that Rarity's liability would be tested by the rule of ordinary care. Suit was brought on November 2, 1927, alleging a cause of action under the then existing law on ordinary negligence which is the same as the want of ordinary care as provided in section 2096. Judgment on the verdict was entered September 22, 1928, and the notice of appeal was filed November 19, 1928. Pending the appeal and on August 14, 1929, section 141¾ of the California Vehicle Act was enacted.

It is apparent that if the new section had been enacted without the proviso the rule contended for by the defendant Rarity would apply, the plaintiffs' cause of action would have been wiped out and no recovery could be had on the judgment against said defendant for the reason that said judgment has not become final. In such case the legislature would have been unrestrained by constitutional barriers and its intention, in the absence of a saving clause, would have been conclusively manifest. But the legislature did not stop with the enactment of the portions of the statute which would have worked a repeal irrevocably, but added the provision which in effect continued the right of action on account of the death of the guest. In other words, there has not been a moment of time since the enactment of section 377 to the present time when an action would not lie on behalf of the heirs on account of the death of the guest. The only change brought about by the new law was in the nature and character of the proof required in each case. There was no abolishment of the right or cause of action, but only a change in the proof required, not to maintain the action, but to permit a recovery.

In many jurisdictions the division of negligence into degrees is not countenanced (20 R. C. L. 21), the concept being that such phrases as "gross negligence" and "slight negligence" are misnomers. In this state the degrees of negli-

gence have been frequently recognized. The term "gross negligence" has been defined as "the want of slight diligence", as "an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others", and as "that want of care which would raise a presumption of the conscious indifference to consequences". (19 Cal. Jur., p. 554; *Coit* v. *Western Union Tel. Co.*, 130 Cal. 657 [80 Am. St. Rep. 153, 53 L. R. A. 678, 63 Pac. 83].) Where liability attaches only for gross negligence it is for the jury, under proper instructions by the court, to pass upon the question whether such negligence exists. (*Merrill* v. *Pacific Transfer Co.*, 131 Cal. 582 [63 Pac. 915]; 19 Cal. Jur., p. 728.) It must therefore be concluded that the enactment of section 141¾ did not repeal section 377 of the Code of Civil Procedure in whole or in part, but simply changed the degree of negligence required to permit a recovery.

The statutes involved in the case of *Moss* v. *Smith* and others above cited and relied on by the defendant Rarity will be found to have repealed entirely the statute conferring the right, without a saving clause, or to have so amended the prior law on which the cause of action was founded as to remove from the operation of the old law, either specifically or by necessary implication, certain parties who might theretofore have been subject to the litigation which was held to have terminated by reason of the amendment. Those cases are readily distinguishable from the case at bar. Here no driver has been relieved absolutely of liability to the heirs of his deceased guest, but is still liable, dependent on the degree of his negligence under the proof.

The case, then, falls within the operation of the rule contended for by the plaintiff, namely, that although the legislature has the power to give a statute retrospective operation, if it does not impair the obligation of contracts or disturb vested rights, yet it is to be presumed that no statute is intended to have that effect, and it will not be given that effect, unless such intention clearly appear from the language of the statute. (*Pignaz* v. *Burnett*, 119 Cal. 157 [51 Pac. 48].) We find nothing in section 141¾ which would justify, much less compel, the conclusion that

said section was intended to be retrospective. In such case the new law would have no effect on litigation pending at the time it was enacted. (*Estate of Benevenuto*, 183 Cal. 382 [191 Pac. 678]; *State Commission in Lunacy* v. *Welch*, 20 Cal. App. 624 [129 Pac. 974]; 5 Cal. Jur., p. 750.)

The judgment as to both defendants is affirmed.

Richards, J., Curtis, J., Waste, C. J., Preston, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.