[Civ. No. 776. Fourth Appellate District.—May 9, 1933.]

MARGARET SIMPSON, Plaintiff and Appellant, v. CHARLES W. STEINHOFF, Defendant and Appellant; GENEVIEVE SWAIN, Defendant and Respondent.

Strother P. Walton for Plaintiff and Appellant.

Conron & Conron for Defendant and Appellant.

Ray W. Hays for Respondent.

BARNARD, P. J.—This action was brought to recover for damages sustained by the plaintiff on November 8, 1930, while riding as a passenger in an automobile driven by the defendant Swain. As they were proceeding south on the Golden State highway about three miles south of Famosa, they overtook and attempted to pass another machine which was being driven in the same direction by the defendant Steinhoff. It appears from the evidence that Miss Swain, after following the other car for some distance, decided to pass and turned to the left side of the road after sounding her horn; that about the time the front of her car was even with the rear of the other car the defendant Steinhoff, without giving any signal, turned abruptly to his left and into the line of travel of the Swain car; and that Miss Swain, in order to avoid hitting him, was compelled to swing farther to the left and in doing so went into the soft dirt at the side of the road, whereupon her car skidded and overturned, causing the injuries of which the plaintiff complains. In this action which followed, the defendant Steinhoff was charged with negligence and the defendant Swain with gross negligence. At the conclusion of plaintiff's case a nonsuit was granted as to the defendant Swain, and at the conclusion of the trial the jury brought in a verdict for the plaintiff as against the defendant Steinhoff. The plaintiff has appealed from the judgment of nonsuit entered in favor of the defendant Swain, and the defendant Steinhoff has appealed from the judgment entered against him following the verdict

of the jury. Both appeals are presented upon the same transcript but are separately briefed and will be here separately considered.

In the appeal of the defendant Steinhoff it is first contended that the court erred in admitting into evidence a group of three X-ray photographs taken by one Doctor Milholland. A witness, Dr. Sample, was on the stand and after he had testified concerning certain other X-ray photographs which had previously been admitted, the photographs here in question were handed to him with the statement to counsel that they had been taken by Dr. Milholland at the request of Dr. Sample. An objection was made that no foundation had been laid and that "we want the right, of course, to examine the doctor who took them as to the posture of the patient". The court thereupon asked the witness if he could determine the posture the patient was in when the pictures were taken, to which the witness replied that he did not think there was any question, that it might vary a little one way or the other, but very little. The court overruled the objection. Without further objection the witness explained the pictures to the jury and then, without objection, the plaintiff was placed before the jury and the witness illustrated what he had been saying by pointing out upon the body of the plaintiff certain of the conditions to which he had referred and the effect thereof. Later, when the pictures were offered in evidence, the same objection was made and overruled. It is argued that the admission of these pictures was prejudicial because they showed a curvature of the spine or what is referred to by this appellant as a permanent deflection of the spinal column, and that there is no other evidence in the record showing this condition. The person of the plaintiff was exhibited to the jury with accompanying explanations by the doctor, and in addition to the doctor's testimony, other pictures, to which no objection had been made, were admitted in evidence and shown to the jury. While this appellant here asserts that the pictures objected to did not correspond with the pictures to which no objection was made, none of the pictures appear in the record before us. The duty rests upon an appellant to show both error and prejudice by the record itself, and upon the record before us we are unable to say that prejudice resulted (*Kimball* v. *Northern Electric Co.*, 159 Cal.

225 [113 Pac. 156]). No contention is made that the judgment rendered is excessive.

It is next urged that the court erred in commenting upon testimony in the presence of the jury. The plaintiff had testified that she had paid certain hospital, doctor and nursing bills. On cross-examination, she testified that one or two of these bills had been paid by her mother. Counsel for this appellant then asked her whether she had been paid any sums, from and after one week following the injury, by her employer or in its behalf by any other agency. Her attorney objected to this question on the ground that it could only refer to any compensation that might have been paid by virtue of an award by the Industrial Accident Commission, that in such case the law provided for a first lien on any judgment that might be recovered, and that the matter was entirely immaterial in this action. The court overruled the objection, stating "and you can offer suitable instructions if you want to". An involved argument is presented, the net result of which is a contention that the statement of the court just quoted had the effect of telling the jury whether or not the witness was to be believed. The statement was made in connection with a ruling upon an objection and it could not have been considered by the jury as either a comment upon the evidence or as a statement in regard to the veracity of the witness.

Complaint is next made of the following instruction: "It appears from the evidence that the plaintiff has received some payments from the State Compensation Insurance Fund. You are instructed that the State Fund will have a first lien upon any judgment plaintiff may recover, and will be repaid in full for any expenditures made to plaintiff. Therefore, if you find for the plaintiff, you will compensate her for her damages as the Court has instructed you, and will not deduct from the amount you believe she is entitled to because of any compensation she may have received from the State Fund."

It is argued that this instruction is incorrect in that it advised the jury that the plaintiff was in duty bound to repay any amount received from this fund whether or not she received a judgment, and that the instruction singled out a particular phase of the testimony for the special consideration of the jury. The plain meaning of the instruc-

tion is that the state fund would have a first lien upon any judgment that might be recovered and would be repaid from such judgment, if any. Instead of this matter being singled out by the court for emphasis, it appears that immaterial matter brought out by the appellant gave rise to a need for an instruction on the subject. There is no claim that the judgment is excessive, no prejudice is shown, and no reversible error appears.

■ It is next contended that the court erred in giving inconsistent instructions upon the law of negligence. The instructions complained of are as follows:

"Negligence in the legal sense amounts to the failure to observe for the protection of the interest of another person, that degree of care, precaution and vigilance which the circumstances justly demand."

"If you find from the evidence in this case that the defendant, Charles W. Steinhoff, immediately preceding the accident which resulted in plaintiff's injuries, was driving and operating his automobile upon a public highway, and that, in so driving and operating said automobile he failed to observe for the protection of the interests of other people on said highway that degree of care, precaution and vigilance which the circumstances justly demand, then you are instructed that the said defendant, Charles W. Steinhoff, was guilty of driving and operating his said automobile in a careless and negligent manner."

Appellant contends that these instructions, and particularly the last one, are prejudicially inconsistent with other instructions given on the subject of negligence, admittedly full and accurate, in that they predicate the degree of care required upon the circumstances themselves rather than on what an ordinarily prudent person would do under such circumstances. These instructions were followed by one reading as follows:

"If you believe that the defendant, Charles Steinhoff, upon the occasion in question, drove and operated his car as an ordinarily prudent man would have operated said vehicle under like circumstances, then you are instructed to find for the defendant, Charles Steinhoff, by your verdict."

No reversible inconsistency appears, the matter of negligence was fully covered in the instructions as a whole, and

the instructions complained of could neither have been misleading to the jury nor could they have affected the result.

It is next contended that the court erred in refusing six instructions offered by this appellant in relation to the duty owed by him to the occupants of the car that was attempting to pass. In general, the effect of these instructions would have been to tell the jury that this appellant had the right to select such parts of the road as best suited his convenience in ascertaining the condition of the highway in front of the car ahead of him, without giving any signals of his intention for the benefit of any car which might be following him; that he had a right to assume that no other car was in close proximity to his rear or in such a position as to interfere with his free use of the entire road until and unless the presence of such other car was affirmatively brought to his attention; and that he could not be guilty of negligence until such time as he had actual knowledge that another car was about to pass him. It is argued that the instructions so offered and refused merely state the law as set forth in sections 125 and 126 of the California Vehicle Act, and that the same were, in fact, a simplification of the substance of those sections of that act. The instructions so offered were in part argumentative, in part not based upon the facts in evidence, and in part contrary to law. In so far as they contained correct principles of law they were covered by other instructions given in which the court read to the jury sections 122, 125 and 126 of the California Vehicle Act.

The last contention made is that the verdict is not supported by the evidence, in that the evidence does not show whether or not the warning emitted from respondent's horn was audible or what was the position of the cars at the time the horn was sounded. This is apparently based upon the fact that while the respondent testified that she sounded her horn when she started to pass the appellant's car, she was unable to technically describe the exact sound made by that instrument. The contention is without merit and the evidence amply sustains the verdict in that regard. The entire question as to the audibility of the horn and the negligence of the appellant under the circumstances was one of fact for the jury.

■ With respect to the plaintiff's appeal from the judgment of nonsuit in favor of the defendant Swain, the appellant contends that the question as to whether this respondent was guilty of gross negligence under the circumstances shown was one of fact for the jury. This accident occurred at a time when section 141¾ of the California Vehicle Act allowed recovery by a guest against the driver of an automobile upon a showing of gross negligence. While the question of gross negligence, like the question of negligence, is one of fact for the jury, a finding of gross negligence must be justified by the evidence. Even the inferences which a jury is entitled to draw must be based upon facts appearing in the evidence. A nonsuit is therefore proper in such a case when the evidence is such that it would not support a finding of gross negligence and where it would be the duty of the court to set aside a verdict, if one were rendered, as lacking in evidentiary support. Gross negligence is something more than ordinary negligence. In *Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 66, 77 A. L. R. 1327], it is thus defined:

"The term 'gross negligence' has been defined as 'the want of slight diligence', as 'an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others', and as 'that want of care which would raise a presumption of the conscious indifference to consequences'."

■ The question to be here decided is whether the evidence presented by this appellant would have sustained a verdict against this respondent as being guilty of gross negligence.

As to the conditions immediately prior to the accident, the evidence shows that the occupants of respondent's car were riding along comfortably about thirty or thirty-five miles an hour; that they were not conversing; that they followed the Steinhoff car for a few moments; that that car was then to the right of the painted line in the middle of the pavement; that respondent turned to the left to pass the other car, increasing her speed from five to eight miles per hour and sounding her horn; that when the front wheels of her car were even with the rear wheels of the other car, that car turned abruptly to the left and into her line of travel;

that no signal of any kind was given by the driver of the other car; that in order to avoid a collision the respondent was compelled to turn still more to her left; that in doing so her car went into the soft dirt and skidded; and that the other car went so far to the left-hand side of the road that the respondent would have hit it had she not turned off the pavement.

There is no conflict in the evidence up to the time of the actual passing of the cars. Steinhoff testified that he first saw respondent's car "after it was passing him"; that when he first saw it it was partly but not completely off the paved portion of the road; that after it had passed him and when he first saw it he pulled back to his right-hand side of the road; that he had pulled over to the left to see if the road was safe for him to go around a car which was in front of him; that he gave no signal before pulling to the left and did not look back; that he was driving between thirty-five and forty miles an hour; that the respondent's car "was going pretty fast. I would say about fifty miles an hour"; that the respondent's car was swerving and jumping off and on the highway along the shoulder; and that it went between one hundred and two hundred feet after he saw it and before it upset. While Steinhoff said the respondent's car was going fast, placing it at about fifty miles an hour, it fully appears that it went only about one hundred or two hundred feet after he saw it and was then "jumping off and on the highway along the shoulder". This evidence of her speed is the only evidence of negligence on the part of this respondent. Leaving out any question as to its weight, and assuming it could reasonably be held sufficient to show negligence on a main highway in the open country (*Kastel* v. *Stieber*, 215 Cal. 37 [8 Pac. (2d) 474]), we think it cannot be held sufficiently substantial to have supported a finding of gross negligence under the circumstances here appearing. We conclude that the evidence presented by this appellant and relied on as showing gross negligence on the part of this respondent is not sufficient to require the submission of such an issue to the jury.

Both judgments appealed from are affirmed.

Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 7, 1933, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1933.