[Civ. No. 11252. First Appellate District, Division Two.—May 6, 1940.]

PHILENA TRAUB, Respondent, v. CONSTANCE EDWARDS, Appellant.

Rosenshine, Hoffman, Davis & Martin for Appellant.

John J. Taaffe for Respondent.

SPENCE, J.—Defendant appeals from a judgment entered in favor of plaintiff in this action for damages for the alleged alienation of the affections of plaintiff's husband.

Said action was filed in 1938 and the judgment was entered in 1939. The notice of appeal was filed on September 15, 1939, and certain code amendments thereafter took effect on September 19, 1939. This appeal is presented on the judgment roll alone and no question is discussed in the briefs other than that of the effect of said code amendments upon actions for alienation of affections pending on September 19, 1939.

Defendant contends that "plaintiff's cause of action was destroyed by the repeal of the statute on which her cause of action depended". Defendant quotes the language found in *Krause* v. *Rarity*, 210 Cal. 644 at page 652 as follows [293 Pac. 62, 77 A. L. R. 1327] : "By those cases the rule obtaining elsewhere has become thoroughly established in the law

of this state that when a right of action does not exist at common law, but depends solely upon a statute, the repeal of the statute destroys the right unless the right has been reduced to final judgment or unless the repealing statute contains a saving clause protecting the right in a pending litigation.''

Defendant then argues: First, that the right of action for the alienation of the affections of a husband did not exist at common law but was created by subdivision 1 of section 49 of the Civil Code as it existed prior to September 19, 1939 (*Humphrey* v. *Pope*, 122 Cal. 253 [54 Pac. 847]; 13 Cal. Jur. 901) ; second, that plaintiff's right of action had not been reduced to final judgment and her action was still pending when the previously existing provisions of subdivision 1 of said section 49 relating to alienation of affections were repealed on September 19, 1939; and third, that there was no ''saving clause in the repealing statute protecting plaintiff's right''. It is upon these three points that defendant bases her contention that plaintiff's cause of action ''was destroyed by the repeal of the statute'' and that the judgment should therefore be reversed. Plaintiff apparently concedes the soundness of the first two points but contends that there was a saving clause and that there is therefore no foundation for defendant's contention. Before considering the code amendments which went into effect in 1939, we deem it appropriate to set forth certain general principles which we believe are applicable here.

When it is the purpose of the legislature to repeal a statute and to save the rights of litigants in pending actions based upon such statute, such purpose may be accomplished by including an express saving clause in the repealing act. But such rights may likewise be saved by any act passed at the same session of the legislature showing that the legislature intended that the rights of litigants in pending actions should be saved. (Black on Interpretation of Laws, 2d ed., pp. 424 and 425.) It is not essential that there be an express saving clause (*Gorley* v. *Sewell*, 77 Ind. 316; *Commonwealth* v. *Mortgage Trust Co.*, 227 Pa. 163 [76 Pac. 5]), or that the intention to save the rights of litigants in pending actions appear in the repealing act itself. (*Baltimore & Ohio R. Co.* v. *Pittsburgh W. K. R. Co.*, 17 W. Va. 812.) These principles are clearly set forth in the text above cited where it is said

on page 424, "An express saving clause in a repealing statute is not required in order to prevent the destruction of rights existing under the former statute, if the intention to preserve and continue such rights is otherwise clearly apparent. Thus, if it can be gathered from any act on the same subject passed by the legislature at the same session that it was the legislative intent that pending proceedings should be saved, it will be sufficient to effect that purpose."

There is no conflict between the general principles above set forth and the decision in *Krause* v. *Rarity, supra.* The above-quoted language from the opinion in that case was used in a general discussion of the subject and not in relation to a situation such as is presented here. Language similar to that quoted above had been used in a previous opinion of the supreme court of appeals of West Virginia and was considered by that court in its later decision in *Baltimore & Ohio R. Co.* v. *Pittsburgh W. K. R. Co., supra,* where it said at page 879, "The language used by this court in *Currans* v. *Owens* [15 W. Va. 208], that the legislative intent in such cases must be gathered from the repealing act itself, must be understood as applying to the circumstances of that case. In that case there was no act passed at the session of the legislature referred to upon the subject, except the act containing the repealing section; and the legislative intent was in that case necessarily gathered from the repealing act itself."

 We now turn to the situation presented by the legislation enacted at the 1939 session of the legislature. Three chapters of the statutes of that year have a bearing upon the subject under discussion. By chapter 128, section 49, of the Civil Code was amended so as to eliminate therefrom the provisions relating to alienation of affections and a new section, being section 43.5 of the Civil Code, was added to provide in part, "No cause of action arises for: (a) Alienation of affection." By chapter 129, which was filed with the secretary of state on the same day, a new section, being section 341.5 of the Code of Civil Procedure, was added to provide that "An action upon any cause of action arising before the effective date of this section from . . . alienation of affections . . . must be commenced within sixty days after the effective date of this section, but this provision does not revive an action the time for the commencement of which has expired prior to the effective date hereof." More than

two months later, chapter 1103 was filed with the secretary of state. By this last-mentioned chapter, said section 49 of the Civil Code was amended and said section 341.5 of the Code of Civil Procedure was amended. The wording of said chapter 1103 was in all respects similar to the wording found in said chapters 128 and 129 in so far as it related to the subject of alienation of affections. Said three chapters went into effect on the same day, September 19, 1939.

It is apparent from what has been said that there was no express saving clause in any of said chapters, expressly saving to litigants any rights which had theretofore arisen under the repealed portions of section 49 of the Civil Code relating to alienation of affections. It is equally apparent, however, that it was the intention of the legislature to save such rights provided that actions to enforce such rights were commenced within sixty days from and after the effective date of said chapters. In the last analysis the question is one of the intention of the legislature and we believe that the intention to save such rights was clearly manifested by the portions of chapters 129 and 1103 dealing with section 341.5 of the Code of Civil Procedure. While it is true that these provisions related directly to new actions rather than to pending actions, the legislature could not have intended to preserve the rights of litigants whose actions had not then been filed and to destroy the rights of those whose actions had already been filed and were pending.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1940.