[Civ. No. 7778.   Fourth Dist., Div. Two.   May 6, 1966.]

BEAR VALLEY MUTUAL WATER COMPANY, Plaintiff and Appellant, v. COUNTY OF SAN BERNARDINO et al., Defendants and Respondents.

Surr & Hellyer and John B. Surr for Plaintiff and Appellant.

Stanford D. Herlick, County Counsel, John D. Watt and Eugene L. Holder, Deputy County Counsel, for Defendants and Respondents.

Cosgrove, Cramer, Rindge & Barnum and J. D. Barnum Jr., as Amici Curiae on behalf of Defendants and Respondents.

TAMURA, J.—This is a companion case to *Fuller* v. *San Bernardino Valley Municipal Water Dist., ante,* p. 52 [51 Cal.

Rptr. 120] 4th Civil No. 7560, decided this day. Reference is made to our opinion in that case for the factual background giving rise to these appeals.

Appellant Bear Valley Mutual Water Company, the owner of lands underlying Big Bear Lake, appeals from an order denied a writ of review and writ of mandate to restrain and have declared void proceedings conducted by the Board of Supervisors of San Bernardino County for the formation of Big Bear Municipal Water District, on the ground that the petition for formation was not signed by the number of registered voters required by section 71121 of the Water Code as added in 1963.

The petition was filed with the county clerk on August 15, 1961, and on August 17, 1961, the registrar of voters certified that it was signed by the requisite number of signers in accordance with the requirement of section 3 of the Municipal Water District Act of 1911 as amended (hereafter designated Act of 1911). The clerk presented the petition to the board of supervisors on September 5, 1961, but before it could take any action it was served with a restraining order issued in *Yribarne* v. *County of San Bernardino* (San Bernardino Sup. Ct. No. 107244). Although the county prevailed in that action the board was enjoined from proceeding with the formation of the district pending Yribarne's appeal. Following affirmance of the judgment in that case (*Yribarne* v. *County of San Bernardino*, 218 Cal.App.2d 369 [32 Cal.Rptr. 847], on September 23, 1963, the board made an order finding that the petition was signed by the requisite number of voters and ordered the formation election to be held on January 7, 1964.

At the time the petition was filed section 3 of the Act of 1911 provided that it must be signed by at least 10 percent of all the voters voting for all candidates for the office of Governor at the last preceding general election. In 1963, the Legislature repealed the Act of 1911 and codified its provisions in division 20 of the Water Code (§ 71000 et seq., Wat. Code). Section 71121 of the Water Code enacted in the codification process and in effect when the board ordered the formation election provided that a petition must be signed by at least 10 percent of the voters registered within the boundaries of the proposed district 30 days prior to the date the petition is signed. In its application for the writ, appellant alleged that the formation petition contained 161 valid signatures but that since the total number of registered voters within the boundaries of the proposed district 30 days prior to August 15, 1961,

was 1,760, it was not signed by the 10 percent required by section 71121.

The sole issue is whether in the circumstances here presented the petition was required to be signed by the number of voters required by section 71121.

█ Since the formation petition met the requirement of section 3 of the Act of 1911 when it was filed on August 15, 1961, respondents contend and we agree that its validity was preserved by the following saving clause enacted as section 73001 of the Water Code when the Act of 1911 was repealed and codified: "The repeal effected by this part shall not be construed to 'deprive any district or person or any other entity of any substantial right which would have existed or hereafter exists had such repeal not been effected."

Appellant argues, however, that the legislative history of the 1963 codification of the Act of 1911 shows that former section 3 of the Act was unqualifiedly repealed without a saving clause. It reasons as follows:

Two statutes affecting section 3 of the Act of 1911 were enacted by the 1963 Legislature. The Act of 1911 was repealed and codified in its original form by Senate Bill No. 15 (Stats. 1963, ch. 156, p. 823). The Legislature also enacted Senate Bill No. 1390 (Stats. 1963, ch. 1513, p. 3090) which by section 1 amended section 3 of the Act of 1911 to require formation petitions to be signed by the number presently required by section 71121, by section 2 so amended section 71121 as proposed by Senate Bill No. 15, and by section 4 provided that section 2 shall be operative only if Senate Bill No. 15 is enacted and that thereupon section 3 of the Act of 1911, as amended by section 1, shall be repealed. From this history, appellant argues that the repeal and codification operated on section 3 of the Act of 1911 as amended by Senate Bill No. 1390 (ch. 1513) and that the saving clause, therefore, did not preserve any rights under section 3 of the Act of 1911 in its original form.

The contention is without merit. In *Traub* v. *Edwards,* 38 Cal.App.2d 719, 721-722 [102 P.2d 463] the court rejected a similar argument. "When it is the purpose of the legislature to repeal a statute and to save the rights of litigants in pending actions based upon such statute, such purpose may be accomplished by including an express saving clause in the repealing act. But such rights may likewise be saved by any act passed at the same session of the legislature showing that

the legislature intended that the rights of litigants in pending actions should be saved. (Black on Interpretation of Laws, 2d ed., pp. 424 and 425.) It is not essential that there be an express savings clause (*Gorley* v. *Sewell*, 77 Ind. 316; *Commonwealth* v. *Mortgage Trust Co.*, 227 Pa. 163 [76 A. 5]), or that the intention to save the rights of litigants in pending actions appear in the repealing act itself. (*Baltimore & Ohio R. Co.* v. *Pittsburgh W. & K. R. Co.*, 17 W. Va. 812.) These principles are clearly set forth in the text above cited where it is said on page 424, 'An express saving clause in a repealing statute is not required in order to prevent the destruction of rights existing under the former statute, if the intention to preserve and continue such rights is otherwise clearly apparent. Thus, if it can be gathered from any act on the same subject passed by the legislature at the same session that it was the legislative intent that pending proceedings should be saved, it will be sufficient to effect that purpose.' "

Moreover, section 71121 must be construed to operate prospectively and not retrospectively. Statutes are presumed to so operate unless the Legislature has clearly expressed a contrary intention. (*Inter-insurance Exchange* v. *Ohio Casualty Ins. Co.*, 58 Cal.2d 142, 149 [23 Cal.Rptr. 592, 373 P.2d 640]; *Di Genova* v. *State Board of Education*, 57 Cal.2d 167, 172-174 [18 Cal.Rptr. 369, 367 P.2d 865]; *State* v. *Industrial Acc. Com.*, 48 Cal.2d 355, 361-362 [310 P.2d 1]; *Aetna Casualty & Surety Co.* v. *Industrial Acc. Com.*, 30 Cal.2d 388, 393-395 [182 P.2d 159]; *Krause* v. *Rarity*, 210 Cal. 644, 655-656 [293 P. 62, 77 A.L.R. 1327]; *Berg* v. *Traeger*, 210 Cal. 323 [292 P. 495]; *Botts* v. *Simpson*, 73 Cal.App.2d 648 [167 P.2d 231]; *People* v. *City of Garden Grove*, 165 Cal.App. 2d 794, 805 [332 P.2d 841]; *Rafferty* v. *City of Covina*, 133 Cal.App.2d 745, 755 [285 P.2d 94].) The rule is applicable even though the Legislature could have constitutionally made the statute retrospective. (*Krause* v. *Rarity*, 210 Cal. 644, 655 [293 P. 62, 77 A.L.R. 1327].) Nor does the principle that a remedial statute should be liberally construed override the rule against retrospective application. (*Di Genova* v. *State Board of Education, supra*, 57 Cal.2d 167, 173.)

"A retrospective law is one that relates back to a previous transaction and gives it a different legal effect from that which it had under the law when it occurred." (*Ware* v. *Heller*, 63 Cal.App.2d 817, 821 [148 P.2d 410]; *Aetna Casualty & Surety Co.* v. *Industrial Acc. Com.*, 30 Cal.2d 388, 391

[182 P.2d 159].) ■ The petition was signed by the requisite number of voters and was so certified by the registrar of voters when it was filed and presented to the board of supervisors in 1961. Upon such certification and presentation, the board acquired jurisdiction to order the formation election. To now hold that it was divested of jurisdiction by virtue of the subsequent enactment of section 71121 would be giving the section retrospective effect. (*Berg* v. *Traeger, supra,* 210 Cal. 323.)

We conclude the enactment of section 71121 of the Water Code did not invalidate the petition for formation theretofore filed.

Judgment is affirmed.

Kerrigan, Acting P. J., concurred.