[Civ. No. 11942. Third Dist. Oct. 30, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ONE 1961 AUSTIN HEALEY SPRITE ROADSTER, LICENSE NO. MUF 462, ENGINE NO. AN5L43831, Defendant; T. W. HOLLOWAY, Defendant and Appellant.

## COUNSEL

John M. Beede for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kramer and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**REGAN, J.**—This is an appeal from a judgment forfeiting the subject vehicle to the state pursuant to an action brought under article 1 (commencing with § 11610),[1] chapter 7, division 10, of the Health and Safety Code.

In a stipulation filed on September 5, 1967, it was agreed by the parties that the vehicle in question "was used unlawfully to keep, deposit, conceal, convey, carry and transport narcotics, and to facilitate the unlawful keeping of, depositing, concealing, conveying, carrying and transporting of narcotics, to wit: marijuana, and said narcotics were unlawfully possessed by an occupant thereof, to wit: Kenneth Holloway, contrary to the force and effect of section 11610 of the Health and Safety Code, in the County of Yolo, State of California, on or about the 11th day of February 1967; that said vehicle was seized on or about February 2,[2] 1967, by the Davis Police Department and that Notice of Seizure and Intended Forfeiture Proceedings were filed on March 30, 1967, in the Superior Court of the State of California, in and for the County of Yolo." The judgment of forfeiture was filed on December 5, 1967.

In 1967, the Legislature repealed article 1 (commencing with § 11610), chapter 7, division 10 of the Health and Safety Code. (Stats. 1967, ch. 280, § 1, pp. 1437-1438.) The statute was an urgency measure

---

[1]Section 11610, Health and Safety Code formerly read: "The interest of any registered owner of a vehicle used to unlawfully transport or facilitate the unlawful transportation of any narcotic, or in which any narcotic is unlawfully kept, deposited, or concealed or which is used to facilitate the unlawful keeping, depositing or concealment of any narcotic, or in which any narcotic is unlawfully possessed by an occupant thereof or which is used to facilitate the unlawful possession of any narcotic by an occupant thereof, shall be forfeited to the State."

[2]This is an obvious typographical error. The date should read: "February 11."

and took effect on June 7, 1967, when it was signed by the Governor and filed with the Secretary of State. The provisions of article 1 (commencing with § 11610), chapter 7, division 10 of this code were still in effect on the date of seizure and commencement of the forfeiture proceedings.

Section 2 of chapter 280 of the Statutes of 1967 (the repealing statute) provides as follows: "Notwithstanding the repeal of Article 1 (commencing with Section 11610), Chapter 7, Division 10 of the Health and Safety Code which is effectuated by this act, the provisions of that article, as they exist on the effective date of this act, shall continue to be operative and effective with regard to any vehicle which is used to unlawfully transport or facilitate the unlawful transportation of any narcotic, or in which any narcotic is unlawfully kept, deposited, or concealed or which is used to facilitate the unlawful keeping, depositing or concealment of any narcotic, or in which any narcotic is unlawfully possessed by an occupant thereof or which is used to facilitate the unlawful possession by an occupant thereof, prior to the effective date of this act, until such vehicle is forfeited to the state, released to the person entitled thereto, purchased, sold, or otherwise disposed of pursuant to such provisions."

■ Defendant contends that by this repeal, the state had no right to demand forfeiture of the vehicle under the above-mentioned provisions of the Health and Safety Code. He relies upon *People* v. *One 1953 Buick* (1962) 57 Cal.2d 358 [19 Cal.Rptr. 488, 369 P.2d 16]. In that case the only question presented was whether the statutory law to be applied was that in effect when the offense which was the basis of the claim of forfeiture occurred or the statutory law in effect at the time the judgment was entered. The Supreme Court held that the trial court in that case was correct in applying the law in effect at the time of judgment. In so holding, the court stated (at pp. 362-365): "The governing rule was stated in *Lemon* v. *Los Angeles Terminal Ry. Co.*, 38 Cal.App.2d 659, 671 [102 P.2d 387], i.e., that 'it has been held in a long line of cases that the repeal of a statute creating a penalty, running either to an individual or the state, at any time before final judgment extinguishes the right to recover the penalty.' [Citations.] As further pointed out in *Lemon, supra,* 38 Cal.App.2d at page 670, a forfeiture of this nature 'is a penalty to induce performance of [a] duty,' and its penal character being obvious, the repeal of the statute authorizing the forfeiture extinguishes the right of forfeiture.

"... . . . . . . . . . . . .

"Since the title of the State remains inchoate and incomplete until the forfeiture is judicially decreed, a substantial statutory change in the conditions authorizing the forfeiture amounting, as here, to the repeal of a previous statutory condition imposed upon the legal owner, must be governed by the general rule applicable to the repeal of the statutes of this character, and the repeal operates to extinguish 'all such rights or powers

which are at the time of repeal inchoate, incomplete, and unperfected.' [Citation.] Although the forfeiture here provided for is of 'the type of action which was cognizable in a common-law court' [citation], the forfeiture is nonetheless a statutory forfeiture, and having been created by statute, it can be abolished or modified by statute at the will of the Legislature which created it."

Defendant argues that the Legislature, by making the repealing enactment an urgency measure, intended that the savings clause would be operative only as to cases where *forfeiture* had been decreed *prior to* the effective date of the statute, i.e., June 7, 1967.

The wording of the savings clause is not capable of this interpretation. By the language of the section the repealed legislation is to continue to be operative and effective with regard to any vehicle which is *used* in such an unlawful manner until such vehicle is forfeited to the state, released to the person entitled thereto, purchased, sold, or otherwise disposed of.[3]

■ The Legislature, by the express use of a savings clause, may protect the rights of litigants in pending actions even though the particular statute is repealed. (*Bear Valley Mut. Water Co.* v. *County of San Bernardino* (1966) 242 Cal.App.2d 68, 71-72 [51 Cal.Rptr. 53]; *Traub* v. *Edwards* (1940) 38 Cal.App.2d 719, 721-722 [102 P.2d 463]; see, *Allen* v. *Grand Central Aircraft Co.* (1954) 347 U.S. 535, 554-555 [98 L.Ed. 933, 946-947, 74 S.Ct. 745]; see also, *People* v. *One 1953 Buick, supra,* 57 Cal.2d at p. 366 [where the court appears to recognize the result would have been different had the Legislature included a savings clause].)

In *Bear Valley Mut. Water Co.* v. *County of San Bernardino, supra,* the court states (at pp. 71-72): "In *Traub* v. *Edwards,* 38 Cal.App.2d 719, 721-722 [102 P.2d 463] the court rejected a similar argument. 'When it is the purpose of the legislature to repeal a statute and to save the rights of litigants in pending actions based upon such statute, such purpose may be accomplished by including an express saving clause in the repealing act. But such rights may likewise be saved by any act passed at the same session of the legislature showing that the legislature intended that the rights of litigants in pending actions should be saved. (Black on Interpretation of Laws, 2d ed., pp. 424 and 425.)' "

The judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.

---

[3] The Legislative Counsel's Digest contained in the bill when it was introduced reads, in part, as follows: "Provides that repealed provisions shall, however, continue to be operative and effective with regard to any vehicle used for narcotic law violations prior to operative date of the act."