[Civ. No. 52519. Second Dist., Div. Two. Sept. 6, 1978.]

SOUTH COAST REGIONAL COMMISSION,
Plaintiff and Appellant, v.
HAROLD GORDON et al., Defendants and Respondents.

**COUNSEL**

Evelle J. Younger, Attorney General, R. H. Connett, Assistant Attorney General, Edwin J. Dubiel and Alan Robert Block, Deputy Attorneys General, for Plaintiff and Appellant.

Fadem, Berger & Norton and Michael M. Berger for Defendants and Respondents.

**OPINION**

**FLEMING, J.**—Since 1973 plaintiff South Coast Regional Commission (commission) has had an action pending against defendant Harold Gordon for violation of building permit requirements in a coastal conservation zone. In the phase of the cause now before us, the

commission appeals the trial court's denial of civil penalties against Gordon and its refusal to award attorneys fees to the commission as the prevailing party in an earlier phase of the cause. The sole question on appeal is the effect on the pending action of the 1 January 1977 repeal of the California Coastal Zone Conservation Act of 1972 (Pub. Resources Code, § 27000 et seq., the 1972 Act) and the simultaneous enactment of the California Coastal Act of 1976 (Pub. Resources Code, § 30000 et seq., the 1976 Act).

In May 1973 the commission filed an action against Gordon for failure to obtain a permit to construct a house and ancillary buildings within the coastal conservation zone, an asserted violation of the 1972 Act. The trial court ruled in Gordon's favor, finding that by reason of construction completed prior to the effective date of the 1972 Act he had acquired a vested right to proceed with further construction and therefore was exempt from the permit requirements of the act. The court also awarded $23,000 in attorneys fees to Gordon under the authority of section 27428 of the 1972 Act. On appeal from the judgment, the Supreme Court held in *South Coast Regional Com.* v. *Gordon* (1977) 18 Cal.3d 832 [135 Cal.Rptr. 781, 558 P.2d 867] (filed 6 Jan. 1977) that Gordon's failure to present his claim of exemption to the regional commission and to the statewide commission precluded his reliance on it in the civil enforcement action in the trial court. The court reversed the judgment and vacated Gordon's award of attorneys fees.

The instant dispute arose on remittitur to the trial court.[1] The commission moved for imposition of civil penalties against Gordon and for an award of attorneys fees as the prevailing party in the action. The trial court denied the motion, taking the view that repeal of the 1972 Act on 1 January 1977 and enactment of the 1976 Act without a saving clause terminated the previously existing statutory authority for attorneys fees (Pub. Resources Code, § 27428, repealed and not reenacted) and barred civil penalties against Gordon (Pub. Resources Code, §§ 27500, 27501, repealed and substantially reenacted as Pub. Resources Code, §§ 30820, 30821).

---

[1] The commission has erroneously assumed that the Supreme Court decision was equivalent to a judgment in its favor. A reading of the opinion demonstrates that the court reversed the judgment solely on the basis of trial court error in sustaining a vested-right defense. There is no indication in the opinion to what extent, if any, civil penalties should be imposed. Additionally, the court expressly declined to comment on the issue of attorneys fees. (*South Coast Regional Com.* v. *Gordon, supra*, pp. 834, 839.)

1. *Civil Penalties.* ■ A cause of action which rests solely on a statutory basis terminates on legislative repeal of the statute unless—a saving clause is included in the repealing legislation;[2] or the rights of a party have vested under the statute;[3] or the repealed statute is simultaneously reenacted in substantially the same form.[4] The same general rule and exceptions apply, whether the repealed statute concerns criminal sanctions, civil penalties, or remedies outside the common law. (*Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 829-830 [135 Cal.Rptr. 526, 558 P.2d 1]; *Lemon* v. *Los Angeles T. Ry. Co.* (1940) 38 Cal.App.2d 659, 671 [102 P.2d 387].)

■ The trial court held that authorization for civil penalties under the 1972 Act terminated by reason of the absence of a saving clause in the 1976 Act. However, when a statute reenacts the substance of an older statute, a saving clause is not required to maintain continuity of operation of the statute. The substantial reenactment which occurred here kept in existence the legal liabilities attached to violations of the older act. (*In re Dapper* (1969) 71 Cal.2d 184, 189 [77 Cal.Rptr. 897, 454 P.2d 905].) Under the 1972 Act a civil fine up to $10,000 per violation could be levied, with additional penalties up to $500 for each day the violation persists. (Pub. Resources Code, §§ 27500, 27501,[5] repealed.) In the 1976 Act the Legislature provided an identical civil fine of $10,000 per violation, with added penalties up to $5,000 per day for intentional and knowing violations, and with a new provision for exemplary damages. (Pub.

---

[2]*Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 829 [135 Cal.Rptr. 526, 558 P.2d 1]; *Southern Service Co., Ltd.* v. *Los Angeles* (1940) 15 Cal.2d 1, 11-12 [97 P.2d 963]; *People* v. *One 1961 Austin Healey Sprite Roadster* (1969) 1 Cal.App.3d 316, 318-319 [81 Cal.Rptr. 755], citing cases; *Lemon* v. *Los Angeles T. Ry. Co.* (1940) 38 Cal.App.2d 659, 669-671 [102 P.2d 387].

[3]*People* v. *One 1953 Buick* (1962) 57 Cal.2d 358, 364-366 [19 Cal.Rptr. 488, 369 P.2d 16]; *Napa State Hospital* v. *Flaherty* (1901) 134 Cal. 315, 317-319 [66 P. 322]; *Estate of Taylor* (1973) 33 Cal.App.3d 44, 49-50 [108 Cal.Rptr. 778]; *Southern Service Co., Ltd.* v. *Los Angeles* (1940) *supra,* 15 Cal.2d 1, 12; *Lemon* v. *Los Angeles T. Ry. Co.* (1940) *supra,* 38 Cal.App.2d 659, 670-671.

[4]*In re Dapper* (1969) 71 Cal.2d 184, 189 [77 Cal.Rptr. 897, 454 P.2d 905]; *Perkins Mfg. Co.* v. *Clinton Const. Co.* (1930) 211 Cal. 228, 237-238 [295 P. 1, 75 A.L.R. 439]; *Cort* v. *Steen* (1950) 36 Cal.2d 437, 440 [224 P.2d 723], doctrine of statutory continuity; *Bear Valley Mut. Wat. Co.* v. *County of San Bernardino* (1966) 242 Cal.App.2d 68, 71-72 [51 Cal.Rptr. 53].

[5]Public Resources Code section 27500 Civil Fine for Violation. "Any person who violates any provision of this division shall be subject to a civil fine not to exceed ten thousand dollars ($10,000)."

Public Resources Code section 27501 Additional Penalties. "In addition to any other penalties, any person who performs any development in violation of this division shall be subject to a civil fine not to exceed five hundred dollars ($500) per day for each day in which the violation persists."

Resources Code, §§ 30820, 30821, 30822.)[6] Except for modifications in the amount and scope of daily civil penalties, where the allowable amount of the daily penalties was increased and an intent requirement specified, the Legislature carried over the scheme of statutory penalties from the 1972 Act to the 1976 Act. We view this reenactment as expressive of legislative intent for continuity of operation in the law.

The 1976 Act, however, both widened and narrowed the penalties for daily violations—widening them to the extent that the maximum daily fine was increased from $500 to $5,000, and narrowing them to the extent that violations must be identified as knowing and intentional violations. Because of the prohibition against ex post facto law, only the lesser daily penalty of $500 can apply to violations committed under the 1972 Act. We also believe that violations of section 27501 of the 1972 Act must have been knowingly and intentionally committed to make them presently subject to daily fine, for, even assuming that such was not an original requirement (an assumption we would be hesitant to make), it has become one under the reenactment. To the extent that the 1976 Act narrowed the 1972 Act, a violator of section 27501 is entitled to the benefit of the narrower provision, for when punishment imposed by a statute is mitigated by an amendatory statute prior to the date of final judgment, the amendment retroactively puts in effect the lighter punishment. (*In re Estrada* (1965) 63 Cal.2d 740, 744-745 [48 Cal.Rptr. 172, 408 P.2d 948]; *People* v. *Rossi* (1976) 18 Cal.3d 295, 299 [134 Cal.Rptr. 64, 555 P.2d 1313].) Gordon therefore remains answerable and subject to civil penalties of $10,000 for violation of the 1972 Act and of $500 daily for intentional and knowing violations of the 1972 Act. Because of this continuity of statutory liability, the judgment must be reversed and the cause remanded to the trial court for a determination: (1) whether Gordon violated the 1972 Act when he constructed the house without the appropriate coastal permit; (2) whether he did so in a good faith belief reasonably entertained of the legality of his conduct; (3) whether he

---

[6]Public Resources Code section 30820 Civil Fine. "Any person who violates any provision of this division shall be subject to a civil fine of not to exceed ten thousand dollars ($10,000)."

Public Resources Code section 30821 Civil Fine: Intentional and Knowing Violations. "In addition to any other penalties, any person who intentionally and knowingly performs any development in violation of this division shall be subject to a civil fine of not less than fifty dollars ($50) nor more than five thousand dollars ($5,000) per day for each day in which such violation occurs."

Public Resources Code section 30822 Exemplary Damages. "Where a person has intentionally and knowingly violated any provision of this division, the commission may maintain an action, in addition to Section 30801, for exemplary damages and may recover an award, the size of which is left to the discretion of the court. . . ."

violated the 1972 Act intentionally and knowingly; and (4) what amount of civil penalties, if any, should be imposed.[7]

2. *Attorneys Fees.* ■ We face a different situation with respect to the commission's claim for attorneys fees. The 1972 Act authorized reasonable attorneys fees as part of costs to the prevailing party in an enforcement action. (Pub. Resources Code, § 27428, repealed.) However, unlike the civil penalty provisions, the Legislature failed to include a provision for attorneys fees in the 1976 Act. Thus, entitlement of the prevailing party to attorneys fees is not determinable under the doctrine of statutory continuity, but depends on whether the 1976 Act included a saving clause, and whether rights to attorneys fees under the 1972 Act vested prior to the act's repeal.

The commission argues that section 30331 of the 1976 Act is a saving clause, in that it provides "[t]he [California Coastal] commission is designated the successor in interest to all remaining obligations, powers, duties, responsibilities, benefits and interests of any sort of the California Coastal Zone Conservation Commission and of the six regional coastal zone conservation commissions . . . ." This provision bears little resemblance to the customary statute preserving the continued viability of legislative rights after repeal, and is clearly a successor-in-interest provision designed to assure a smooth transition of duties, rights, and responsibilities between the old and new regulatory agency. The distinction may be seen in *People* v. *One 1961 Austin Healey Sprite Roadster* (1969) 1 Cal.App.3d 316, 318-319 [81 Cal.Rptr. 755], which contains a good example of legislative draftsmanship of a saving clause for otherwise repealed statutory rights. The 1976 Act contains no comparable saving clause that would preserve attorneys fees under the 1972 Act.

■ Without a saving clause or statutory continuity, a party's rights and remedies under a statute may be enforced after repeal only where

[7]On remand Gordon will be precluded from raising the vested-right defense in view of the Supreme Court's ruling in *South Coast Regional Com.* v. *Gordon, supra.* The court in *No Oil, Inc.* v. *Occidental Petroleum Corp.* (1975) 50 Cal.App.3d 8, 29-30 [123 Cal.Rptr. 589], held that a violator's good faith belief in the legality of his actions under the 1972 Act presented a defense to the imposition of civil penalties under section 27500 if such belief is found to have been reasonably entertained. We accept the standard of "good faith belief reasonably entertained" as the appropriate standard for civil fine under section 27500. (*No Oil, Inc., supra,* p. 30.) Whether any valid distinction exists between lack of "good faith belief reasonably entertained" and "intentional and knowing violations" we leave for decision by the trial court.

such rights have vested prior to repeal. (*People* v. *One 1953 Buick* (1962) 57 Cal.2d 358, 365-366 [19 Cal.Rptr. 488, 369 P.2d 16]; *Estate of Taylor* (1973) 33 Cal.App.3d 44, 49-50 [108 Cal.Rptr. 778].) A statutory remedy does not vest until final judgment, since ". . . it has been held in a long line of cases that the repeal of a statute creating a penalty, running to either an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty. The same rule applies to remedial statutes unknown to the common law." (*Lemon* v. *Los Angeles T. Ry. Co.* (1940) *supra*, 38 Cal.App.2d 659, 671.) " 'The justification for this rule is that all statutory remedies are pursued with full realization that the Legislature may abolish the right to recover at any time.' " (*Governing Board* v. *Mann* (1977) *supra*, 18 Cal.3d 819, 829, quoting from *Callet* v. *Alioto* (1930) 210 Cal. 65, 67-68 [290 P. 438].) Patently, the right to recover attorneys fees is such a statutory right or remedy. (Code Civ. Proc., § 1021.)

■ A judgment does not become final so long as the action in which it is entered remains pending (*Pacific Gas & Elec. Co.* v. *Nakano* (1939) 12 Cal.2d 711, 714 [87 P.2d 700, 121 A.L.R. 417]; *Rich* v. *Siegel* (1970) 7 Cal.App.3d 465, 469 [86 Cal.Rptr. 665]), and an action remains pending until final determination on appeal. (*Pacific Gas & Elec. Co.* v. *Nakano*, *supra*; *Estate of Molera* (1972) 23 Cal.App.3d 993, 998 [100 Cal.Rptr. 696]; *In re Pine* (1977) 66 Cal.App.3d 593, 595 [136 Cal.Rptr. 718]; Code Civ. Proc., § 1049.) ■ Even if we assume the Supreme Court decision in *South Coast Regional Com.* v. *Gordon, supra*, constituted a final judgment—which it did not—the decision was filed 6 January 1977, subsequent to the repeal of section 27428. Any statutory right the commission may have had to apply for attorneys fees under the 1972 Act never matured or vested prior to repeal.

The commission refers us to the decision in *Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152 [137 Cal.Rptr. 154, 561 P.2d 244] (filed 17 Mar. 1977) which affirmed an award of attorneys fees under section 27428 to private plaintiffs and to the prevailing public entity. That decision is not controlling for two reasons. First, a judgment for attorneys fees under section 27428 had been rendered by the trial court years before repeal of the section. The fees may thus be regarded as conditionally vested, subject to a later divestment that never occurred. Second, the opinion noted (p. 158, fn. 3) that no party to the case ". . . contended that this repeal [of section 27428] has any effect on an attorneys' fee award relating to an action fully litigated to final judgment prior to the section's repeal."

We conclude that without either statutory reenactment or a saving clause for attorneys fees in the 1976 Act, the commission is not entitled to seek attorneys fees not awarded prior to repeal of the 1972 Act. We affirm the order denying attorneys fees, but reverse and remand the cause for further proceedings on the issue of civil penalties. Each party will carry its own costs on appeal.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied October 3, 1978.